

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:00-CR-148 |
| | § | |
| WILBERT JOSEPH BROWN | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Wilbert Joseph Brown, violated conditions of supervised release imposed by United States District Judge Howell Cobb. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #97) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on April 16, 2014, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

-1-

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On June 27, 2001, the Honorable Howell Cobb of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of possession with intent to distribute 50 grams or more of cocaine base, a Class A felony. The Court sentenced the defendant to 262 months imprisonment, followed by 5 years supervised release, subject to the standard conditions of release, plus special conditions to include: shall not commit any offenses against a foreign state or nation; financial disclosure; drug treatment and a $100 special assessment.

Judge Cobb has since passed away. Accordingly, on February 5, 2008, the case was reassigned to the docket of United States District Judge Thad Heartfield.

Judge Heartfield amended Mr. Brown's sentence twice pursuant to motions for retroactive application of the Sentencing Guidelines for crack cocaine offenses. The first amended judgment

entered on November 21, 2008, reduced the term of imprisonment to 210 months. The second amended judgment, entered October 27, 2011, further reduced the term of imprisonment to 168 months. On December 6, 2012, Wilbert Joseph Brown, Jr., completed his period of imprisonment and began service of the supervision term. On September 12, 2013, the Court modified Mr. Brown's supervision conditions to include placement in the community corrections component of a community corrections center for 120 days and requiring him to abstain from the use of alcohol. *See Petition* (doc. #95) and *Order* (doc. #96).

**B. Allegations in Petition**

The United States alleges that the defendant violated the following standard condition of supervised release:

*The defendant shall not leave the judicial district without permission of the Court or probation officer.*

Specifically, the petition alleges that Mr. Brown left the judicial district and went to Bryan, Texas, without permission on March 13 and March 24, 2014.

**C. Evidence presented at Hearing**

At the hearing, the Government offered the following evidence as its factual basis in support of the alleged violation. The Government would present the testimony of United States Probation Officer Chris Flowers in addition to an exhibit showing that Mr. Brown did leave the district as alleged and that he failed to obtain permission from the Court or USPO Flowers before he did so. Specifically, the Government entered into evidence a copy of a police report from the Bryan Police Department which shows that on March 23, 2014, Wilbert Joseph Brown was arrested in Bryan, Texas.

Defendant, Wilbert Joseph Brown, offered a plea of true to the above-stated allegation in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he left the judicial district without permission in violation of his supervision conditions in this case.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by leaving the judicial district without permission.

If the Court finds that Mr. Brown violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of VI and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 8 to 14 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class A felony, the statutory maximum imprisonment term upon revocation is five years. *See* 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. In this case, according to the records submitted

by the Probation Office, Mr. Brown failed to serve 120 days of court-ordered community confinement time in a halfway house.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of his supervision conditions by leaving the judicial district without permission. The defendant knowingly and voluntarily pled true to this conduct and agreed with the recommended sentence.

Therefore, based upon the plea of true, the evidence presented in this case, and the parties' agreement, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Wilbert Joseph Brown, to serve a term of

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

**fourteen (14) months imprisonment** in this cause, with no additional supervised release to follow. This term of imprisonment includes the unserved 120 days of unserved community confinement time. Finally, the Court recommends placement in the Beaumont Federal Correctional Complex (FCC) for service of the incarceration period if possible.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 17th day of April, 2014.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE